Calvin M. Frazier Commissioner of Education State Office Building 201 East Colfax Avenue Denver, Colorado 80203
Dear Mr. Frazier:
This letter is in response to your request for a formal opinion on the effect of H.B. 1003, passed by the 55th General Assembly (hereafter "H.B. 1003") on school district tax levies for capital reserve and insurance reserve funds.
QUESTIONS PRESENTED AND CONCLUSIONS
a. Whether H.B. 1003 authorizes school districts to follow the procedures for exceeding tax levy limits set forth in section29-1-302, C.R.S. (1977 1985 Supp.), as amended by the bill, for their capital reserve and insurance reserve funds.
No.
b. What limits apply to such funds for levies made in 1986 for collection in 1987?
 The capital reserve and insurance reserve fund levies are limited by a formula which combines the respective 4 or 1 1/2 mill limit with the 7 percent increase limitation specified in sections 9 and 10 of H.B. 1003.
ANALYSIS
c. Whether school districts may exceed statutory limits on taxes levied for capital reserve and insurance reserve funds involves the interplay of sections 2, 4, 9, and 10 of H.B. 1003. Sections 2 and 4 of the bill contain amendments to article 1, part 3 of title 29, C.R.S., which imposes revenue raising limits and prescribes procedures for exceeding such limits for the taxing entities subject thereto. Sections 9 and 10 of H.B. 1003 effect changes in sections 22-40-102(4)(a), C.R.S. (1973) and24-10-115(3)(a), C.R.S. (1982) regarding limitations imposed on school districts for their capital reserve and insurance reserve funds. Pursuant to sections 9 and 10 of the bill, the 4 mill and 1 1/2 mill limits on capital reserve and insurance reserve funds, respectively, are eliminated. Effective January 1, 1987, school district tax levies for such funds are limited to the percentage increase as may be thereafter prescribed in section 29-1-301(1); H.B. 1003 secs. 9, 10, and 16.
In my opinion, the only relevance of sections 2 and 4 of H.B. 1003 to school districts is through the references in sections 9 and 10 of H.B. 1003 to amended sections 22-40-102(4)(a) and24-10-115(3)(a) regarding the percentage increase limitation prescribed in section 29-1-301(1). The fact that school district tax levies for capital reserve and insurance reserve funds are to be tied to the revenue raising limits of section 29-1-301(1) does not bring school districts within the purview of sections 2 and 4 of H.B. 1003 for other purposes. Specifically, a school district is not a "taxing entity to which section 29-1-301(1) applies" for the purpose of the bill's amendment of section 29-1-302(2)(b). Therefore, the procedures of section 29-1-302 for increasing tax levies beyond prescribed limits do not apply to school districts.
The taxing entities specifically subject to the revenue raising limitations are identical in the current and amended versions of section 29-1-301(1); i.e., "each of the counties, cities and towns not chartered as home rule" and "each of the fire, sanitation, irrigation, drainage, conservancy, and other special districts established by law." Compare section29-1-301(1), C.R.S. (1985 Supp.), with the amended version in section 2 of H.B. 1003. All statutory tax levies for those entities, with the exception of specified exclusions, are aggregated for the purpose of determining whether the revenue raising limitation will be exceeded in a given year and all such levies are subject to reduction. Both the currently effective and amended versions of section 29-1-302 set forth procedures which permit the covered taxing entities to exceed such limitations. In the currently effective version "any board authorized to levy a tax, except school boards, or any officer charged with the duty of levying a tax in any taxing district" may submit the question of an increased levy to the division of local government within the Department of Local Affairs, which division is then authorized to grant the requested increase. Section 29-1-302(1), C.R.S. (1985 Supp.). If the division either denies or fails to act on a requested increase, the taxing entity may submit the question to its electorate. Section 29-1-302(2), C.R.S. (1977). In addition, all such entities may bypass the division of local government and proceed directly with an election. Id. The amended version of section 29-1-302(1) which concerns submissions to the division of local government, now applies only to special districts and specifically excludes school districts from that category. H.B. 1003, § 4.
The obvious purpose of the amended procedures for exceeding the revenue raising limitation was to eliminate taxing entities other than special districts from the division of local government authorization process. H.B. 1003 did not effect a change in the law with respect to whether those procedures apply to school districts; they do not. School districts are now, as they were prior to the enactment of H.B. 1003, subject to title 22, C.R.S., pursuant to which school district revenues are raised in a manner which differs significantly from that of other taxing authorities.
d. Unlike the majority of the provisions of H.B. 1003, which become effective on January 1, 1987, the amendments in sections22-40-102(4) and 24-10-115(3)(b) contained in sections 9 and 10 of H.B. 1003 were effective upon passage, May 16, 1986. H.B. 1003, § 16. Those currently effective amendments provide formulas to be used for calculating tax levy limits on capital reserve and insurance reserve funds for levies to be made in 1986 for collection in 1987. The formula for each fund is essentially the same.
In order to determine its 1986 levy for its capital reserve fund, a school district first refers to its 1985 levy. In 1985 school districts were permitted to levy up to 4 mills against the total valuation for assessment of property within the district. Section22-40-102(4), C.R.S. (1973). As amended by H.B. 1003, that section now permits a school district which did not levy the full 4 mills for its 1986 budget to calculate the amount of revenue which could have been raised and include such amount in the base upon which the revenue to be raised through the 1986 levy is calculated. H.B. 1003, § 9. The levy in 1986 for collection in 1987 could, therefore, be the maximum 4 mills on the district's 1985 valuation for assessment plus the 7 percent increase in such amount permitted for the 1986 levy. Id. The formula uses the old 4 mill cap to determine the base from which the percentage limitations are to be thereafter calculated.
The formula for calculating the limits on tax levies for a school district's insurance reserve fund works in the same way. The maximum 1 1/2 mill levy limit on the 1985 valuation for assessment should first be determined. H.B. 1003, § 10, amending section 24-10-115(3)(b), C.R.S. (1973). The amount which may be levied in 1986 for collection in 1987 is the maximum 1 1/2 mill on the district's 1985 valuation for assessment plus a 7 percent increase.
SUMMARY
It is my opinion that the procedures for exceeding tax levy limits set forth in section 29-1-302, C.R.S. (1977 1985 Supp.), as amended by H.B. 1003, do not apply to school districts. In addition, school district tax levies for capital reserve and insurance reserve funds for levies made in 1986 are to be calculated pursuant to a formula which combines the prior mill levy caps with a percentage increase limitation.
Very truly yours,
 DUANE WOODARD Attorney General
SCHOOL DISTRICTS TAXATION AND REVENUE ELECTIONS EDUCATION
H.B. 1003
Section 29-1-301, C.R.S. (1977 1985 Supp.) Section 29-1-302, C.R.S. (1977 1985 Supp.) Section 22-40-102(4), C.R.S. (1973) Section 24-10-115(3), C.R.S. (1982)
COLORADO DEPARTMENT OF EDUCATION
Procedures for exceeding tax levy limits set forth in section29-1-302, C.R.S. (1977 1985 Supp.), as amended by H.B. 1003, do not apply to school districts. School district tax levies for capital reserve and insurance reserve funds for levies made in 1986 are to be calculated pursuant to a formula which combines prior mill levy caps with a percentage increase limitation.